**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAYMOND BROWN, | Civil No.: 08-5811 (NLH) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| WARDEN GRONDOLSKY, et al., |  |
| Respondents. |  |

**APPEARANCES:**

    RAYMOND BROWN, Petitioner <u>Pro Se</u>
    #04746-007
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640

    NEIL RODGERS GALLAGHER, AUSA
    OFFICE OF THE U.S. ATTORNEY
    970 Broad Street, Suite 700
    Newark, New Jersey 07102
    Counsel for Respondents

**HILLMAN**, District Judge

On or about November 26, 2008, petitioner, Raymond Brown ("Brown"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he challenges the Bureau of Prisons' ("BOP") decision to run his parole violation time consecutive to a new term of imprisonment. Brown seeks his immediate release from imprisonment. The named respondents are FCI Fort Dix Warden Jeff Grondolsky and the BOP. Respondents

answered the petition on January 20, 2009, and provided a copy of the pertinent administrative record. (Docket Entry No. 7). On February 5, 2009, Brown filed a reply to respondents' answer. (Docket Entry No. 9). He later filed an affidavit, on September 4, 2009, in support of his petition. (Docket Entry No. 11).

## I. BACKGROUND

Brown essentially challenges his sentence computation by the BOP. He is presently serving a federal sentence for his conviction on charges of kidnaping while armed and assault with a dangerous weapon. His projected release date is February 17, 2013.

The relevant factual background[1] begins with Brown's 1989 sentence imposed by the Superior Court for the District of Columbia. On October 16, 1989, Brown was sentenced to three to nine years in prison for unauthorized use of a vehicle in violation of the Bail Reform Act and Destruction of Property. His full term was to expire on May 7, 1998, and Brown was eligible for parole on August 26, 1991.

---

[1] The procedural and factual history is taken from the Report and Recommendation/Opinion of the Honorable John S. Kaull, U.S.M.J. of the United States District Court for the Northern District of West Virginia, in petitioner's first habeas action challenging his sentence computation. This Report and Recommendation was adopted by the Honorable W. Craig Broadwater, U.S.D.J. by Order entered on March 31, 2006. (See Exhibit B and C to the Declaration of Neil R. Gallagher, AUSA, submitted with the Government's response to the petition).

The District of Columbia Board of Parole ("the Board") released Brown on parole on June 15, 1992. On March 20, 1995, the Board issued a warrant charging Brown with non-criminal parole violations. The warrant was executed in June 1995, and on July 18, 1995, the Board revoked parole but also granted immediate re-parole of petitioner.

On December 17, 1997, the Board issued another warrant, which was executed on August 17, 1998. Brown's parole was revoked on September 14, 1998, for illegal use of a controlled substance and failure to report as directed; however, the Board immediately re-paroled petitioner. At that time, Brown's full term date was recalculated to be August 30, 2004.

On February 19, 1999, the Board issued another warrant for Brown's violations of parole for failure to report and noncompliance with outpatient drug treatment. The warrant went unexecuted, and during that time, on July 8, 2000, Brown was arrested by the D.C. Police during a domestic dispute at his residence. Two days after Brown's arrest, the Board's warrant against Brown for his parole violations was executed by the officials at the D.C. Jail where petitioner was held. However, Brown was mistakenly released from jail despite the warrant, and the domestic dispute charges were dismissed.

On August 5, 2000, jurisdiction over Brown's parole was transferred from the Board to the United States Parole Commission

("USPC"). Later that same month, on August 29, 2000, Brown was charged with kidnaping while armed and assault with a dangerous weapon. He was detained at the D.C. Jail, but the jail records indicated that Brown was only a parole violator in custody on the 1999 warrant. On October 31, 2000, unaware of Brown's pending criminal charges for kidnaping and assault, the USPC issued a Notice of Action releasing Brown and terminating the revocation proceeding. Brown states that he was not released from custody at this time.

Believing that Brown's 1999 parole violator warrant had not been executed, the USPC issued a new Order on November 22, 2000, cancelling the October 31, 2000 order for Brown's release. The USPC believed that this action served to leave Brown's 1999 parole violator warrant in place as a detainer. Specifically, the Order stated that Brown was not in custody pursuant to the 1999 parole violator warrant, which "is currently lodged as a detainer behind case # F5270-00" (the kidnaping and assault charge). Again, Brown alleges that he remained in jail during this time.

On January 3, 2001, Brown was convicted in the Superior Court of the District of Columbia on the kidnaping and assault charges. On March 23, 2001, he was sentenced to a prison term of 10 years and 180 days with nine years of supervised release.

On February 6, 2001, the USPC supplemented the 1999 parole violation charges to add the new charges of kidnaping and assault. A Notice of Action to this effect was issued by the USPC on February 10, 2001, amending the November 22, 2000 order and voiding the October 31, 2000 order. The Notice of Action also ordered the continuation of the revocation process.

On October 17, 2001, the USPC issued an order revoking Brown's parole on his 1989 sentence. The USPC also ordered that "none of the time spent on parole shall be credited," and continued Brown to the expiration of his sentence. On December 28, 2003, Brown began to serve his new sentence imposed by the D.C. Superior Court on March 23, 2001, because he was released by mandatory parole from his 1989 sentence. At that time, Brown had only 409 days remaining on his original 1989 sentence, which was completed upon the full expiration date of February 9, 2005.

The BOP's sentence computation with respect to Brown's new 10 year, 180 day sentence determined that Brown's prison term commenced on the date that he was released via mandatory parole on December 28, 2003, and that his anticipated release date from the new or current sentence is scheduled for February 17, 2013.

On February 11, 2004, Brown filed a habeas petition under 28 U.S.C. § 2241, as an inmate at the FCI-Gilmer in Gilmer, West Virginia, in the United States District Court for the Northern District of West Virginia. He alleged that the BOP had

unlawfully computed his sentence and denied him credit for time served in prison.  Specifically, Brown asserted that, by virtue of the November 22, 2000 Notice of Action, he was in continuous custody pursuant to the D.C. charges of kidnaping and assault since his arrest on those charges on August 29, 2000.  Consequently, he argued, he should receive credit from August 29, 2000, against his sentence on the kidnaping and assault conviction.  He contends that at the time his parole was revoked on October 17, 2001, he already had begun serving his sentence on the kidnaping and assault conviction, having been sentenced by the D.C. Superior Court on March 23, 2001.  The BOP had countered that Brown was properly credited for this time, between July 2000 and December 2003, towards his 1989 sentence.

On March 31, 2006, the Northern District of West Virginia denied Brown's § 2241 habeas petition, finding that the time served from July 10, 2000 through December 28, 2003, was properly applied to his 1989 sentence.  The petition was denied with prejudice.

Brown appealed this decision to the United States Court of Appeals for the Fourth Circuit.  The Fourth Circuit affirmed the district court's ruling by unpublished per curiam opinion filed on January 6, 2007.

Brown filed this second habeas petition on November 26, 2008, after he was transferred from FCI Gilmer in West Virginia

6

to FCI Fort Dix in New Jersey.  The Government filed a response with the relevant record on January 20, 2009.  Brown filed a traverse or reply to the answer on February 5, 2009.  On September 4, 2009, he supplemented his petition by affidavit, attesting that no documents or records exist to show that a parole violation warrant was executed on July 10, 2000.

## II.   CLAIMS PRESENTED

Brown claims that the BOP wrongly computed his sentence principally because there were no documents available to substantiate the fact that his 1999 parole violator warrant was executed on July 10, 2000, as claimed by the BOP.  Accordingly, Brown was not credited for the time he was in custody from July 10, 2000 through December 28, 2003, against his current sentence and he is entitled to immediate release.  In essence, Brown is challenging his sentence computation on the same grounds as alleged in his first § 2241 habeas petition, which was denied.

The Government counters that Brown has received all credit toward his sentence which he is due, namely, that the time period in question was properly applied as a credit toward Brown's 1989 sentence.  Moreover, the Government contends that this petition is a successive petition subject to dismissal.

It is conceded that petitioner has exhausted all administrative remedies.

III.  DISCUSSION

A.  Standard of Review

Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  United States Code Title 28, Section 2241, provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the district courts within their respective jurisdictions
>
> © The writ of habeas corpus shall not extend to a prisoner unless-    (3) He is in custody in violation of the Constitution or laws or treaties of the United States.  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Petition Must Be Denied As A Successive Petition

The Government argues that the petition should be dismissed because it is a successive petition barred by the "abuse of writ" doctrine.  When a prisoner files multiple petitions for habeas

8

corpus relief, the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.[2]

Principles of res judicata and collateral estoppel do not apply in habeas proceedings. See Sanders v. United States, 373 U.S. 1, 6-7 (1963).

Nevertheless, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of § 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(holding that the restrictions on successive petitions found in § 2244, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241); Valona v. United States,

---

[2] Section 2255(h) provides:
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

138 F.3d 693, 695 (7th Cir. 1998)(holding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)(dismissing § 2241 petition as successive pursuant to § 2244); Byrd v. Gillis, 1997 WL 698157, at *1 (E.D.Pa. 1997) (applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under § 2241).

    In  McCleskey v. Zant, 499 U.S. 467 (1991),[3] the Supreme Court established that, where a petitioner has filed successive habeas petitions in more than one district court, the dismissal of the first habeas petition is of "vital relevance" to later court determinations of whether to consider similar petitions, and may be given "controlling weight."  Id. at 482.  Indeed, "[p]rinciples of federal comity and judicial economy permit a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. ...  In the context of petitions for habeas

---

    [3] Prior to the enactment of AEDPA in 1996, the "abuse of writ" doctrine "define[d] the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or successive petition for a writ of habeas corpus." McCleskey, 499 U.S. at 470; Goldblum v. Klem, 510 F.3d 204, 215 (3d Cir. 2007).  These cases dealt with a petitioner raising a new claim for the first time in a later petition, in contrast to this action where Brown is raising the same issues concerning the BOP's sentence computation that was in issue in his first habeas petition, which was denied.

corpus, these concerns are reflected in the 'abuse of the writ' doctrine which prohibits petitioners from filing subsequent petitions for habeas corpus where an earlier petition has already been denied." Abdel-Whab v. Ridge, 2005 WL 551352, at *3 (E.D. Pa. March 3, 2005)(citing McCleskey, 499 U.S. at 483, 491-92), aff'd., 132 Fed. Appx. 988 (3d Cir. 2005).

In Zayas v. INS, 311 F.3d 247 (3d Cir. 2002), the Court of Appeals for the Third Circuit addressed the applicability of the "abuse of writ" doctrine to § 2241 habeas petitions, as expressed in the Supreme Court's decision in McCleskey, concluding "that the District Court correctly ruled that [the] habeas petition was subject to dismissal for abuse of the writ." Zayas, 311 F.3d at 258. Namely, the Third Circuit concluded that although the § 2241 petition "was not subject to the gatekeeping regime of § 2244(b)," the habeas petition "should be considered in the context of McCleskey," with "the caveat that application of McCleskey to [the] petition should be expected to yield a resolution in harmony with AEDPA." Zayas, 311 F.3d at 255, 257. See also Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008)(dismissal of § 2241 petition proper where petitioner challenged a disciplinary finding that resulted in the loss of good time credit, since those issues had already been raised in a prior, unsuccessful petition).

Here, Brown previously filed a § 2241 habeas action before the United States District Court for the Northern District of West Virginia, which likewise challenged the BOP's sentence computation with respect to the very same period of time at issue here.  This first petition was denied on the merits, the district court having found that the BOP properly applied the time from July 10, 2000 through December 28, 2003 to Brown's 1989 sentence rather than his current sentence as Brown sought.  This denial was affirmed by the United States Court of Appeals for the Fourth Circuit.  Brown does not provide any substantive argument as to why it would be appropriate for this Court to consider a claim which has already been presented to and adjudicated by another federal district court.

Brown also fails to show that his instant claim falls within the statutory exceptions set forth above or that he has been granted leave to file a second or successive habeas corpus petition.  Rather, Brown continues to insist that the parole warrant was never executed to support his ultimate argument that the BOP wrongly computed his sentence by not giving him credit for the time he spent in custody from July 2000 to December 2003.  This claim was expressly reviewed and denied by the court in the Northern District of West Virginia, and the court found that the BOP properly applied that time period as credit against Brown's 1989 sentence.

Consequently, this Court finds that the petition should be dismissed under the "abuse of writ" doctrine because it is wholly successive to his earlier § 2241 habeas petition that was denied for lack of merit.  See, e.g., Razzoli v. FCI Allenwood, 200 Fed. Appx. 166, 168 (3d Cir. 2006)(citing Zayas)("this claim has already been adjudicated by the Eastern District of New York.... Thus, bringing the claim again at this time [in a § 2241 petition] is barred by the doctrine of abuse of the writ."); Abdel-Whab, 2005 WL 551352, at *3, *4 ("This Court must dismiss as an abuse of [the] writ the § 2241 petition ... because it raises no new claims in support of Petitioner's request for release from detention."), aff'd, 132 Fed. Appx. 988 (3d Cir. 2005)("We can find no fault with the abuse of the writ analysis conducted by the District Court.").

## CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be denied with prejudice.  An appropriate Order accompanies this Opinion.


　　　　　　　　　　　　　　　 /s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　United States District Judge

Dated: September 16, 2009

At Camden, New Jersey